### THE BJORNEFJORD.

(Circuit Court of Appeals, Second Circuit.   March 2, 1921.)

#### No. 132.

**Shipping ⬤⟾42—Owner of chartered vessel has reasonable time to repair machinery.**

Under a time charter party requiring the owner to maintain the vessel in a thoroughly efficient state in hull and machinery for and during the service, but fixing no time within which she must be restored to such state in case of accident to machinery, he is required to exercise reasonable and ordinary care only in that respect and fulfills his duty by employing a reputable and fully equipped concern to make the repairs, and is not liable, beyond loss of charter hire, for delay caused by such concern.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by George Flint and others, doing business as Flint, Goering & Co., Limited, against the steamship Bjornefjord. Decree for respondent, and libelants appeal.   Affirmed.

Burlingham, Veeder, Masten & Fearey, of New York City (R. H. Hupper, of New York City, H. Alan Dawson, of Philadelphia, Pa., and G. Noyes Slayton, of New York City, of counsel), for appellants.

Haight, Sandford, Smith & Griffin, of New York City (Wharton Poor, of New York City, of counsel), for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge.   This is a libel in rem by the charterer to recover damages for being deprived of the use of the steamer Bjornefjord for two weeks while a new propeller was being installed. . The material provisions of the charterparty are:

"1. That the owner shall  *  *  *  maintain her in a thoroughly efficient state in hull and machinery for and during the service."

"16. That in the event of loss of time from  *  *  *  breakdown of machinery, or damages preventing the working of the vessel for more than 24 consecutive hours, the payment of hire shall cease until she be again in an efficient state to resume her service.  *  *  *

"17.  *  .  *  *   The act of God,  *  *  *   and all dangers and accidents of  *  *  *   machinery  *  *  *   throughout this charter party, always mutually excepted."

"22. That as the steamer may ·be from time to time employed in tropical waters during the terms of this charter, steamer is to be docked, bottom cleaned and painted, whenever charterers and master think necessary, at least once in every six months, and payment of the hire to be suspended until she is again in proper state for the service."

⬤⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The steamer had been withdrawn under article 22 to be docked, her bottom cleaned and painted by the Robins Dry Dock & Repair Company of Brooklyn. In the course of this operation a crack was discovered in the propeller, and it was condemned by the Lloyds and Veritas Classification services. The owners employed the Robins Company to install the spare propeller, which in doing so was negligently let fall and so injured that a new propeller had to be cast. This caused the additional delay of two weeks. The charterer has paid no hire for any part of the time the steamer was withdrawn, and the claimant asks for none; but the charterer filed a libel in rem to recover damages in the sum of $33,068.98, the estimated value of the use of her for 14 days, of which it had been deprived.

Judge Learned Hand dismissed the libel on the ground that the delay was caused either by a "breakdown of machinery," within article 16, or by "an accident of machinery," within article 17, which article in either case completely defined the charter's remedy, viz., to be relieved from payment of hire "until the steamer was again in an efficient state to resume her service."

The owners, on the other hand, contend that admitting this would have been so, if the delay had been caused by the break in the original propeller, it was not so caused. They say the delay was due to a new and independent cause, viz. the negligence of the Robins Company in letting the spare propeller fall while installing it. For this reason they say the rights of the charterer depend upon article 1 of the charter party, which requires the owners to maintain the steamer in an efficient state for the service.

Without passing on this question at all, we are of opinion that the libel was properly dismissed, even upon the charterer's theory. If article 1 had defined the time within which the owners were obliged to restore the steamer to a "thoroughly efficient state in hull and machinery," they would not have been excused for any additional delay due to the negligence of an independent contractor employed by them, even if he were entirely competent and properly equipped. There being no such limitation, all they were required to do was to exercise reasonable and ordinary care to restore the vessel to a thoroughly efficient state for her service. In our judgment they did this, even if the negligence of an experienced, reputable, and fully equipped ship repair concern employed by them prolonged the delay.

The decree is affirmed.